**NOT FOR PUBLICATION**

**FILED**

DEC 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUDY GEOVANNI ANDRADES-VILLALTA, AKA Rudy Geovanny Andrades-Villalta, | No.    19-70268 |
| Petitioner, | Agency No. A205-646-360 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an
Immigration Judge's Decision

Submitted December 8, 2022**

Before:      WALLACE, TALLMAN, and BYBEE, Circuit Judges.

Rudy Geovanni Andrades-Villalta, a native and citizen of El Salvador,

petitions pro se for review of an immigration judge's ("IJ") determination under

8 C.F.R. § 1208.31(a) that he did not have a reasonable fear of persecution or

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

torture in El Salvador and is not entitled to relief from his reinstated removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review an IJ's negative reasonable fear determination for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

We do not disturb the determination that Andrades-Villalta failed to establish he suffered harm that rises to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (petitioner's past experiences, including two beatings, even considered cumulatively, did not compel a finding of past persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard).

Substantial evidence supports the determination that Andrades-Villalta failed to show a reasonable possibility that the harm he fears would be on account of a protected ground. *See Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018) (no basis for withholding of removal where petitioner did not show a nexus to a protected ground). We lack jurisdiction to consider the protected grounds Andrades-Villalta raises for the first time in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to consider claims not raised to agency).

Substantial evidence also supports the determination that Andrades-Villalta failed to show a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to El Salvador. *See Andrade-Garcia*, 828 F.3d at 836-37 (petitioner failed to demonstrate government acquiescence sufficient to establish a reasonable possibility of future torture).

We do not consider the materials Andrades-Villalta references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**